UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MURRAY LAW FIRM, ET AL.                    CIVIL ACTION

VERSUS                                     NO: 16-3675

PHIPPS ANDERSON DEACON,                    SECTION: "J"(1)
LLP, ET AL.

### ORDER & REASONS

Before the Court is a *Motion to Dismiss for Forum Non Conveniens or Improper Venue* **(Rec. Doc. 3)** filed by Defendants Phipps Anderson Deacon, LLP, et al., an opposition thereto **(Rec. Doc. 9)** filed by Plaintiffs Murray Law Firm, et al., and a reply thereto filed by Defendant. **(Rec. Doc. 16.)** Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

The motion before this Court pertains to Plaintiffs' declaratory judgment action. Because this dispute is related to a more complex family of lawsuits, a brief factual background is necessary. Plaintiffs and Defendants are attorneys or law firms who, in 2006, brought suit on behalf of farmers whose rice crops were contaminated by genetically-modified rice developed by Bayer Corporation. These claims were brought in various state and federal courts. Ultimately, the federal cases were consolidated in the

United States District Court for the Eastern District of Missouri as *In re: Genetically-Modified Rice Litig.*, No. 406 MD 1811, 666 F.Supp.2d 1004 (E.D. Mo. Oct. 9, 2009). Pursuant to consolidation, the court established a Plaintiffs' Leadership Committee ("PLC") and a Common Benefit Fund ("CBF"). The PLC performed work on behalf of all consolidated cases and was paid later on an hourly basis out of the CBF.

In the end, there was a unitary settlement negotiation which resolved the federal and state cases and resulted in separate settlement agreements. Some of the state court settlements were settled through the "GMB Agreement" (Rec. Doc. 2-2) which was executed around July, 2011. After the execution and performance of the various settlements, including the GMB Agreement, the PLC brought an action against the Plaintiffs and Defendants of this action claiming that Plaintiffs and Defendants were unfairly enriched by their efforts in settling the case and demanded a share of the attorney's fees earned through the GMB Agreement. That action is referred to as the "Rice Fee Dispute" and is currently pending in the County Court at Law in Nueces County, Texas. *Id.* at 110.

The action before this Court pertains to the costs incurred in defending the Rice Fee Dispute. In that action, Defendants filed a cross-claim against Plaintiff alleging that on or around July 25, 2014, Plaintiffs promised to pay the legal defense fees and

2

related costs in the Rice Fee Dispute. In response, on March 7, 2016, Plaintiffs filed a declaratory judgment action in the Civil District Court for the Parish of Orleans, State of Louisiana. (Rec. Doc. 1-1.) On April 25, 2016, that action was removed to this Court under 28 U.S.C. § 1332. (Rec. Doc. 1.) Plaintiffs' declaratory judgment action, and whether it is properly before this Court, is the only matter currently before this Court and discussed herein.

## PARTIES' ARGUMENTS

Defendants argue that Plaintiffs declaratory judgment action should be dismissed under *forum non conveniens* or, alternatively, under 28 U.S.C. § 1406(a) for improper venue. (Rec. Doc. 2-1.) Defendants argue that the parties to this action are currently litigating the same disputed contract matter in state court, that such action involves the same parties, facts, and controversy, and that it was filed prior to Plaintiffs' declaratory judgment action against Defendants. (Rec. Doc. 2, at 1.) Defendants argue that the underlying dispute concerns the distribution of state court settlement payments and attorney's fees and expenses from a Qualified Settlement Fund ("QSF") to which Plaintiffs are a party. *Id.* Further, Defendants argue that the QSF includes a mandatory venue provision establishing Nueces County, Texas as the proper choice of forum for any claim related to attorney's fees. *Id.* Defendants argue that a substantial portion of the events giving

3

rise to the present controversy occurred in Texas, not Louisiana, which makes this Court the improper venue. (Rec. Doc. 2-1, at 9.) Finally, Defendants argue that the private and public interest factors under *forum non conveniens* weigh in favor of dismissing this suit and transferring it to Nueces County. *Id.* at 5.

Plaintiffs argue that the forum selection clause of the GMB Agreement is irrelevant and not binding on this action. First, Plaintiffs argue that this dispute pertains to an alleged promise to pay attorney's fees in defense of the Rice Fee Dispute, and that such promise does not arise from the GMB Agreement. (Rec. Doc. 9, at 3.) As such, Plaintiffs urge this court to ignore the forum selection provision of the GMB Agreement. As to the pending action in Nueces County, Plaintiffs ask this Court to note that they "are challenging the procedural propriety of Defendants cross-claim in the [sic] Neuces County action, as it is fundamentally unrelated to the underlying action pending there. As it relates to *forum non conveniens* and the other venue questions currently pending, Plaintiffs merely asks [this] Court to consider that the Defendants' choice of forum is controversial, and *may* have been inappropriate under that forum's laws." *Id.* at fn. 3 (emphasis in original). Second, Plaintiffs argue that the *Gilbert*

private and public factors under *forum non conveniens* do not warrant dismissal of this action. *Id.* at 3-9.[1]

## LEGAL STANDARD

The Declaratory Judgment Act provides, in relevant part: "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. 28 U.S.C. § 2201(a). In *Wilton v. Seven Falls*, the Supreme Court made it clear that, because the Declaratory Judgment Act is "'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant'," the district court has "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287-88 (1995). A determination that this court has jurisdiction does not determine whether the declaratory action should be decided or dismissed. *Id.* at 282.

Following *Orix Credit Alliance v. Wolfe*, to decide a declaratory action this Court is required to determine: (1) whether the declaratory action is justiciable; (2) whether this court has

---

[1] *Gilbert* is reference to *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947).

the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action. *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). For a declaratory action to be justiciable it must seek to resolve an "actual controversy" rather than an abstract or hypothetical dispute. *Id.* Generally, an actual controversy exists when "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Orix*, 212 F.3d at 896. Whether the facts are sufficiently immediate to establish an actual controversy is a case-by-case inquiry. *Id.*

The Fifth Circuit has decided that when a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction—providing the declaratory plaintiff an end run around the requirements of the Anti-Injunction Act.[2] *Texas Emps' Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir.1988). Thus, as a general rule, the district court may not consider the merits of the declaratory judgment action when 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case

---

[2] The Anti-Injunction Act provides: A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. 28 U.S.C. § 2283. The parties do not contend, and the Court does not find, that any of the exceptions to the act are applicable in this case.

involves the same issues as those involved in the federal case, and 3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act. *Jackson*, 862 F.2d at 506; *see also, Samuels v. Mackell*, 401 U.S. 66, 73 (1971). The Court has found that the issuance of a declaratory judgment in such situations would be antithetical to the noble principles of federalism and comity. *See Jackson*, 862 F.2d at 505. However, if the court has discretion to decide a declaratory judgment, the Court must balance the following factors in deciding whether to dismiss the action: 1) whether there is a pending state action; 2) whether plaintiffs filed suit in anticipation of a suit by defendant; 3) whether the plaintiff engaged in forum shopping in bringing the claim; 4) whether any inequalities will ensue by allowing the declaratory plaintiff to gain precedence in time or to change forums; 5) whether the federal court is a convenient forum; and 6) whether retaining the suit would further judicial economy. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir.1994).

## DISCUSSION

Although not briefed by either party, the Court must first determine whether it has the discretion to decide Plaintiffs' declaratory judgment action. Second, the Court must determine whether it will exercise its discretion to decide the present

declaratory judgment action. To determine whether this Court has the discretion decide Plaintiffs' declaratory judgment action, the Court must determine whether the declaratory action is justiciable. For a declaratory action to be justiciable it must seek to resolve an "actual controversy" rather than an abstract or hypothetical dispute. *Orix*, 212 F.3d at 896. Generally, "an actual controversy exists when 'a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Orix*, 212 F.3d at 896. Whether the facts are sufficiently immediate to establish an actual controversy is a case-by-case inquiry. *Id.* Here, the Court finds that the action is justiciable. *See Ross v. Digioia*, No. 11-1827, 2012 WL 5877843, at *6 (E.D. La. Nov. 20, 2012) (finding declaratory action justiciable where parties disputed existence of an agreement). Specifically, the parties dispute whether an agreement exists. Such agreement bears directly on the relationship between the parties and the money that is or may be owed. *Id*.

Second, the Court must determine whether it has the authority to grant declaratory relief. *Orix*, 212 F.3d at 896. Defendants' main argument to dismiss this action is that the exact issue before this Court is currently pending in state court in Nueces County, Texas. (Rec. Doc. 2; Rec. Doc. 2-2). Plaintiffs only counter by arguing that they "are challenging the procedural propriety of Defendants' cross-claim in the [sic] Neuces county action, as it

8

is fundamentally unrelated to the underlying action pending there." (Rec Doc. 9, at 3, fn. 3.) The issue before this court—whether an alleged agreement was entered between Plaintiffs and Defendants— is currently pending in the Nueces County by a cross-claim asserted by Defendant against Plaintiff. (Rec. Doc. 2-2, at 120-124.) In Texas state court, Defendants argue that there is an "implied in fact" contract which was breached. *Id.*

Third, under the Anti-Injunction Act, this Court does not have authority to enjoin the proceedings already commenced in Nueces County. *See EnCana Oil & Gas (USA) Inc. v. Simpson*, No. 10-1171, 2011 WL 1979671, at *4-5 (W.D. La. May 20, 2011). Much like the court in *Simpson*, this Court is convinced that Plaintiffs' attempt to bring a declaratory action in this Court was an attempt to race to a determination of the legal relationship between the parties prior to the Nueces County court's determination. The Court in *Simpson* found such a determination sufficient to hold that it did not have the authority to consider the declaratory judgment under the Anti-Injunction Act. *Id.* at *4-5.

However, in the alternative, this Court declines to exercise its judicial discretion to consider the declaratory action before it. The language of the Declaratory Judgment Act provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). "There is . . . nothing automatic or obligatory

9

about the assumption of jurisdiction by a federal court to hear a declaratory judgment action." *Wilton*, 515 U.S. 277, 286 (1995) (citing E. Bochard, Declaratory Judgments 312-314 (2d ed. 1941)). However, a district court may not dismiss a request for declaratory relief on the basis of a whim or personal disinclination. *Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94 (5th Cir.1992) (internal citations and quotations omitted).

To ensure this Court does not abuse its discretion, it must address and balance the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine on the record. *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 779 (5th Cir. 1993). The relevant factors, commonly referred to as the *Trejo* factors, include (1) whether there is a pending state court action in which all of the matters in controversy may be fully litigated, (2) whether the declaratory plaintiff filed suit in anticipation of a lawsuit filed by the defendant, (3) whether the declaratory plaintiff engaged in forum shopping in bringing the suit, (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forum exist, (5) whether the federal court is a convenient forum for the parties and witnesses, (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before

whom the parallel state suit between the same parties is pending. *Sherwin-Williams*, 343 F.3d at 388 (citing *St. Paul Insur. Co. v. Trejo*, 39 F.3d 585, 590-591 (5th Cir.1994)). The Court will address each of the *Trejo* factors.

### 1.    Whether there is a Pending State Court Action

Defendants argue, and Plaintiffs concede, that there is a pending state court action which addresses the same issue before this Court. (Rec. Doc. 2, at 1; Rec. Doc. 9, at 3, fn. 3.) The Fifth Circuit was clear in *Sherwin-Williams* when it provided that "if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law [issue is pending], generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin-Williams*, 343 F.3d at 390. This factor weighs strongly in favor of dismissal.

### 2.    Whether Plaintiffs Filed Suit in Anticipation of a Suit by Defendant

The second factor addresses whether a declaratory plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds. *Sherwin-Williams*, 343 F.3d at 390. In this case, Plaintiffs filed the declaratory judgment action three days after Defendants filed a cross-claim in

Nueces County. Specifically, Defendants filed their cross claim on March 4, 2016 in Nueces County (Rec. Doc. 2-2, at 19) and Plaintiffs filed this declaratory judgment action on March 7, 2016 in Civil District Court for the Parish of Orleans. (Rec. Doc. 1-1.) While Plaintiffs did not file suit *in anticipation* of a lawsuit filed by Defendant, due to the temporal proximity of the two actions, it appears that Plaintiff filed suit in direct *response to* Defendant's cross-claim in an attempt to access a more convenient forum for themselves. This factor weighs in favor of dismissal. *See Travelers Ins. Co.*, 996 F.2d at 777.

**3.    Whether Plaintiff Engaged in Forum Shopping in Bringing the Claim**

The court in *Sherwin-Williams* described "forum shopping" as a "narrower category of federal declaratory judgment lawsuits filed for reasons found improper or abusive, other than selecting a forum or anticipating related litigation." 343 F.3d at 390. By filing this action in this Court Plaintiffs were not "abusive" or "improper". Nor is there evidence that Plaintiff sought this forum to take advantage of favorable law. *Id.* at 399. Accordingly, this factor does not weigh in favor of dismissal.

### 4.     Whether Inequality Will Ensue by Allowing the Plaintiff to Gain Precedence in Time or to Change Forums

There is no trial date set in this federal court action, and the parties have not provided information regarding the disposition of the parallel state court action other than that it is currently on-going. Thus, there is no indication that Plaintiffs are gaining a precedence in time, which does not weigh in favor of dismissal. *See Branton Tools, LLC v. Exco Operating Co., LP*, No. 14-2417, 2015 WL 4662004, at *7 (W.D. La. Aug. 5, 2015).

However, if judgment were rendered in favor of Plaintiff it may result in of *res judicata* or issue preclusion. Again, the issue in this Court is whether there is an implied-in-fact contract between Plaintiffs and Defendants. The same issue between the same parties, while on cross-claim, is before the Nueces County court. This weighs in favor of dismissal. *Cf. Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 F. App'x 159, 168 (5th Cir. 2015).

### 5.     Whether the Federal Court is a Convenient Forum for the Parties and Witnesses

The fifth factor addresses efficiency considerations—whether this Court is a convenient forum for the parties and witnesses and whether retaining the lawsuit would serve judicial economy. *Sherwin-Williams*, 343 F.3d at 391. Plaintiffs argue that this forum is more convenient than Nueces County, Texas. (Rec. Doc. 13.)

13

Plaintiffs point to the Fifth Circuit's "100 mile rule" which is generally used in a court's *forum non conveniens* analysis. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 316 (5th Cir. 2008). Plaintiffs argue that they are five-hundred and fifty-five miles from the Nueces County court. (Rec. Doc. 13, at 6.) Further, Plaintiffs allege that the average distance between the identified witnesses and this Court is seventy-five and one half miles less than the average distance between the witnesses and the Nueces County court. *Id.* Plaintiffs also indicate that Defendants are located five-hundred and forty-three miles from this Court and one-hundred and forty-three miles from the Nueces County court. *Id.* Either court which decides this matter is relatively inconvenient for the parties. However, the parties have already commenced litigation in Nueces County, Texas prior to Plaintiffs declaratory judgment action in this Court. The parties will continue to litigate this issue, with others, in Nueces County. Accordingly, the Court finds this factor weighs minimally in favor of dismissal.

**6.    Whether Retaining the Lawsuit in Federal Court Serves the Purposes of Judicial Economy**

The sixth *Trejo* factor also addresses efficiency considerations—whether this Court is a convenient forum for the parties and witnesses and whether retaining the lawsuit would serve

judicial economy. *Sherwin-Williams*, 343 F.3d at 391. The sixth factor also weighs in favor of abstention as judicial economy will be better served in Nueces County, Texas. Again, both of the parties are in litigation in Nueces County. In fact, allowing Plaintiff to maintain its declaratory judgment action in this Court would be inefficient for both parties, as both would be required to litigate issues in this forum and in Nueces County, Texas. Accordingly, this factor favors dismissal.

7. **This Court is Not Being Called on to Construe a State Judicial Decree Involving the Same Parties and Entered by the Court Before Whom the Parallel State Suit Between the Same Parties Pending**

Accordingly, this factor is neutral. *Chevron U.S.A., Inc. v. Cureington*, No. 10-0764, 2011 WL 1085661, at *9 (W.D. La. Feb. 18, 2011).

In conclusion, five of the seven *Trejo* factors weigh in favor of dismissal. Thus, even if this court had the authority to consider this declaratory judgment action without violating the Anti-Injunction Act it would abstain from doing so under the facts and circumstances of this case.

## CONCLUSION

Accordingly,

   **IT IS HEREBY ORDERED** that Defendants' *Motion to Dismiss for Improper Venue* **(Rec. Doc. 2)** is **GRANTED.** Plaintiffs' cause of action is **DISMISSED WITHOUT PREJUDICE.**

   New Orleans, Louisiana this 8th day of July, 2016.


CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

16